|  |  |
|---|---|
| ERIE INSURANCE EXCHANGE | ) ) ) Civil Action No. 15-cv-240 Erie |
| Plaintiffs | ) ) ) |
| v. | ) ) ORDER GRANTING MOTION ) TO REMAND ) |
| RESEARCH PRODUCTS CORPORATION, et. al | ) ) ) |
| Defendants. | ) ) |

## I.    INTRODUCTION

Plaintiff, Erie Insurance Exchange a/s/o Nancy and Robert Treverton, moves this Court pursuant to Federal Rule of Civil Procedure 12 to remand this case to the Court of Common Pleas of Erie County. Dkt. No. 31. This case was originally filed in the Court of Common Pleas of Erie County on August 17, 2015; however, Defendant, Research Products Corporation d/b/a Aprilaire (hereinafter "Defendant Aprilaire") filed a Notice of Removal and the case was removed to this Court on September 30, 2015. In the present motion, Plaintiff asserts that diversity jurisdiction does not exist in this case, and as such, the matter must be remanded back to the Court of Common Pleas of Erie County. Neither Defendant Aprilaire nor the other defendant in this case, Defendant MTI Electronics, Inc. ("Defendant MTI"), filed an opposition to the motion. Having reviewed the motion and supporting documents, the case record, and the relevant legal authority, the Court will GRANT the motion and REMAND this case to the Court of Common Pleas of Erie County. The reasoning for the Court's decision follows.

## II.     BACKGROUND

Defendant Aprilaire removed this case on the basis that "all of the parties to this action are diverse and the amount in controversy exceeds $75,000." Dkt. No. 31, Ex. A at ¶ 10. Therefore, Defendant Aprilaire argued, this Court has original jurisdiction under 28 U.S.C. § 1332 and this case could be removed pursuant to 28 U.S.C. §§ 1441 and 1446. *Id*. Plaintiff filed the instant motion to remand, arguing that, as a reciprocal insurance exchange, it bears the citizenship of each of its policyholders. It asserts that it has policyholders who reside in Wisconsin, the same state in which both Defendant Aprilaire and Defendant MTI have their principal places of business. As such, Plaintiff argues, this case lacks diversity jurisdiction and must be remanded back to state court.

## III.     DISCUSSION

A civil action brought in state court may be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim. 28 U.S.C. § 1441(a). "Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court," pursuant to 28 U.S.C. § 1332(a), and thus "a state court case that implicates diversity jurisdiction" may generally be removed. *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir.1996). Jurisdiction under § 1332(a) requires "complete diversity," meaning that "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc*., 316 F.3d 408, 410 (3d Cir.2003).

Here, Defendant Aprilaire concedes that Plaintiff is a reciprocal insurance exchange organized under the Insurance Company Law of Pennsylvania. Dkt. No. 31, Ex A at ¶ 4. "Courts have long recognized that reciprocal exchange insurance associations, like [Plaintiff], do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each

member." *Themis Lodging Corporation v. Erie Insurance Exchange*, 2010 WL 2817251, *1 (N.D. Ohio July 16, 2010) (citing *Brown v. Farmers Ins. Co*., 2007 WL 496669 (E.D. Mich 2007)). As Plaintiff has Wisconsin state members, it is a citizen of Wisconsin. Defendants Aprilaire and MTI are also citizens of Wisconsin. Therefore, federal diversity jurisdiction does not exist and this matter must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12.

## IV.    CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Plaintiff's Motion to Remand this matter to the Court of Common Pleas of Erie County.

Dated this 30th day of March, 2016.

Barbara Jacobs Rothstein
U.S. District Court Judge